IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HARTMAN OIL CO. INC., <br><br>    Plaintiff, <br><br> vs. <br><br> AMERICAN ENERGY ADVISORS, INC., <br> and PIONEER EXPLORATION, LTD., <br><br>    Defendants. | Case No. 03-1167-JTM |

MEMORANDUM AND ORDER

This matter is before the court on the Motions to Dismiss of the defendants Pioneer Exploration, Inc., and American Energy Advisors, Inc. Both defendants invoke contract provisions providing that Texas courts would provide the exclusive venue to resolve any disputes. The court finds that the present action should be dismissed in light of the agreed contract provisions.

The September 1, 2002 Purchase and Sale Agreement provides: "Venue for resolution of any dispute arising hereunder is agreed to be Harris County, Texas, exclusively." [Def. Exh. A.]

In response to the Motions to Dismiss, Hartman contends alternatively that defendants waived the protection of the forum selection clause by removing the action to federal court, and that the clause is invalid. Neither argument supports maintenance of the action here. Hartman has not presented any persuasive argument for ignoring the prima facie validity of the forum selection clause. *See B-S Steel of Kansas, Inc. v. Texas Indus., Inc.*, 229 F. Supp. 2d 1209, 1223 (D. Kan. 2002).

Removal of an action does not waive a defendant's defenses under Fed.R.Civ. Pr. 12(b). Christensen v. Ward, 916 F.2d 1462, 1470 (10th Cir. 199). The defendants here argue for dismissal under Rule 12(b)(3), for improper venue. Accordingly, the removal of the action does not prohibit the current invocation of the forum selection clause. *See PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998).

Nor are Hartman's attempts to weigh the various "contacts" of the parties, and assess the relative convenience of the litigating in different forums, relevant here. The question is not what would be the most convenient forum, as it might be in the absence of a forum selection clause. The question is whether plaintiff has made the requisite "strong showing" that enforcement of the forum selection clause should be set aside. *The Bremen v. Zapata Off-Shore*, Co, 407 U.S. 1, 15 (1972). It has not done so.

Hartman was able to travel to defendant Pioneer's offices in Texas to extend the offer to buy the relevant properties. The Agreement was negotiated and executed in Texas. There has been no showing that litigation in Texas would be so inconvenient so as to effectively deprive Hartman of a fair day in court. Neither has there been any showing that the forum selection clause was the product of any fraud or overreaching on the part of Pioneer. Hartman has failed to meet its burden to show why the clause should not be given effect. *See Riley v. Kingsley Underwriting Agencies*, 969 F.2d 953, 958 (10th Cir. 1992).

American Energy Advisors, which acted as a "representative" of Pioneer during the negotiations prior to the Agreement within the meaning of Article 24.02, and also acted as an "Associated Part[y]" under Article 1.04, is therefore also entitled to the protection of the forum selection clause. Hartman's negligent misrepresentation claim against American, although

technically sounding in tort, nonetheless "aris[es] under" the Agreement, thus falling within the scope of the forum selection clause; the sole venue for that action is Texas.  *See B-S Steel*, 229 F.Supp. at 1228-29.

    IT IS ACCORDINGLY ORDERED this 21st day of October, 2003, that the defendants' Motions to Dismiss (Dkt. Nos. 3, 11) are hereby granted.

                                                          s/ J. Thomas Marten
                                                          J. THOMAS MARTEN, JUDGE